# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT D. CHAIRSE,

        **Plaintiff,**

v.                                           Case No. 24-CV-1071

DIVISION OF COMMUNITY CORRECTIONS,
        **Defendant.**

## ORDER

Plaintiff Robert D. Chairse, who is confined at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights. (ECF No. 1.) Chairse also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) Chairse has also filed a motion to amend the complaint and a motion for extension of time to submit a proposed amended complaint. (ECF No. 9.) Because this order addresses Chairse's requests, his motion to amend his complaint is denied as moot.

The court has jurisdiction to resolve Chairse's motion and screen the complaint in light of Chairse's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Chairse was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

Chairse filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On September 12, 2024, the court waived Chairse's requirement to pay the initial partial filing fee. (ECF No. 8.) The court will grant Chairse's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Chairse's Allegations and Analysis.*

Chairse alleges that on June 6, 2024, he was supposed to be released, but the Division of Community Corrections held him unlawfully for an additional 19 days. (ECF No. 1 at 2.)

Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Division of Community Corrections is not a person, nor is it a separate legal entity that can be sued under §1983. *See Louis v. Milwaukee County Jail*, No. 17-cv-113-wed-pp, 2017 WL 3037567 at *2 (E.D. Wis. July, 18 2017) (citing *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 N.D. Ill. 1993)). As such, Chairse does not state a claim upon which relief may be granted.

However, the Seventh Circuit Court of Appeals has emphasized that the district court generally must afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Chairse may file an amended complaint by **January 6, 2025.** In his amended complaint Chairse should include the names of the individuals he believes caused him to remain incarcerated past his release date. If Chairse does not know the name of the defendant or defendants who allegedly violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Chairse will have an opportunity to conduct limited discovery to determine the defendants' identities.

Chairse is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See*

*Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on Chairse's failure to state a claim in his original complaint. The court will enclose an amended complaint form along with this decision. Chairse must use the form. If he needs more space, he may attach up to five additional pages.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Chairse's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDRED** that on or before **January 6, 2025**, Chairse may file an amended complaint. If the court does not receive an amended complaint by the deadline, the court will dismiss this action based on the amended complaint's failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of Chairse shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Chairse's prison trust account in an amount equal to 20% of the preceding month's income credited to Chairse's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Chairse is transferred to another county, state, or federal institution, the transferring

institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Chairse is confined.

**IT IS FURTHER ORDERED** that Chairse's motion to amend the complaint and motion for extension of time (ECF No. 9) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Chairse is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Chairse is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Chairse's failure to keep the

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Chairse may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 6th day of December, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge